Electronically Filed
Intermediate Court of Appeals
30565
20-OCT-2010
09:44 AM

NO. 30565

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAROL A. BROWN, M.D., and CAROL A. BROWN, M.D., INC.,
Plaintiffs-Appellants,

v.

HAWAII MEDICAL SERVICE ASSOCIATION, a mutual benefit society;
and ALAN VAN ETTEN, Arbitrator,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0288)

ORDER DENYING DEFENDANT-APPELLEE
HAWAII MEDICAL SERVICE ASSOCIATION'S AUGUST 31, 2010
MOTION TO DISMISS APPEAL AS MOOT, BUT WITHOUT PREJUDICE
TO THE PARTIES' FURTHER ADDRESSING MOOTNESS IN THEIR BRIEFS
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Defendant-Appellee Hawaii Medical
Service Association's (Appellee HMSA) August 31, 2010 motion to
dismiss this appeal as moot, (2) Plaintiffs-Appellants Carol A.
Brown, M.D., and Carol A. Brown, M.D., Inc.'s (the Brown
Appellants), September 8, 2010 memorandum in opposition to

Appellee HMSA's August 31, 2010 motion to dismiss, (3) the September 15, 2010 order granting Appellee HMSA leave to file a reply memorandum, (4) Appellee HMSA's September 15, 2010 reply memorandum in support of the August 31, 2010 motion to dismiss, and (5) the record, we decline at this time to rule on the issue of mootness, and, instead, we direct the parties to further address the issue of mootness in their respective appellate briefs.

Appellee HMSA argues that the Brown Appellants' appeal from the February 11, 2010 amended judgment is moot, because the Brown Appellants failed to assert a timely appeal directly from a January 9, 2009 order confirming the arbitration award in this matter, which was an independently appealable order pursuant to Hawai'i Revised Statutes (HRS) § 658A-28(a)(3) (Supp. 2009). According to Appellee HMSA, the Brown Appellants' failure to directly appeal that order results in finality of the January 9, 2009 order confirming the arbitration award, and, thus, renders the Brown Appellants' appeal from the February 11, 2010 amended judgment moot.

> A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law. The rule is one of the prudential rules of judicial self-governance founded in concern about the proper - and properly limited - role of the courts in a democratic society. We have said the suit must remain alive throughout the course of litigation to the moment of final appellate disposition to escape the mootness bar. . . . Simply put, a case is moot if the reviewing court can no longer grant effective relief.

Kaho'ohanohano v. State, 114 Hawai'i 302, 332, 162 P.3d 696, 726 (2007) (citations, internal quotation marks, and brackets omitted) (emphasis added).

At this time, we decline to rule on the issue whether this appeal is moot, and, instead, we direct the parties to further address the issue of mootness in their respective appellate briefs. In particular, we direct the parties to address, among other things, the following three issues regarding mootness:

(1)  Why each issue that the Brown Appellants raise on appeal is or is not moot as a result of the Brown Appellants' failure to assert a timely appeal directly from the January 9, 2009 order confirming the arbitration award pursuant to HRS § 658A-28(a)(3)? The parties shall include within this discussion whether the arbitration proceeding covered the following two areas: (a) Appellee HMSA's duty and/or right, if any, to report to the National Practitioners Data Bank about the Brown Appellants; and (b) the claims asserted in the second count in the Brown Appellants' complaint in this case.

(2)  Whether, in light of the Brown Appellants' failure to assert a timely appeal directly from the January 9, 2009 order confirming the arbitration award pursuant to HRS § 658A-28(a)(3),[1] the Brown Appellants' current appeal from the February 11, 2010 amended judgment pursuant to HRS § 641-1(a) (1993 & Supp. 2009)[2] entitles the Brown Appellants to obtain appellate review of the January 9, 2009 order confirming the

---

[1]  Hawaiʻi Revised Statutes (HRS) § 658A-28(a) (Supp. 2009) references an appeal from an order confirming an arbitration award or a final judgment entered pursuant to HRS Chapter 658A:

§ 658A-28. Appeals.

(a)  An appeal may be taken from:

(1) An order denying a motion to compel arbitration;
(2) An order granting a motion to stay arbitration;
(3) <u>An order confirming or denying confirmation of an award</u>;
(4) An order modifying or correcting an award;
(5) An order vacating an award without directing a rehearing; or
(6) <u>A final judgment entered pursuant to this chapter</u>.

(b)  An appeal under this section shall be taken as from an order or a judgment in a civil action.

HRS § 658A-28 (Supp. 2009) (emphases added)

[2]  HRS § 641-1(a) (1993 & Supp. 2009) authorizes an appeal from a final judgment pursuant to Rule 58 of the Hawaiʻi Rules of Civil Procedure and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

-3-

arbitration award pursuant to the principle that "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." <u>Ueoka v. Szymanski</u>, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted); <u>cf.</u> <u>Ciesla v. Reddish</u>, 78 Hawai'i 18, 21, 889 P.2d 702, 705 (1995) ("The immediate appeal of the judgment for possession under the <u>Forgay</u> doctrine being untimely, [the appellant] must await final resolution of all claims in the case before challenging the judgment for possession.")?

(3)     Whether the "capable of repetition, yet evading review" exception to the mootness doctrine applies to this appeal?

The parties shall proceed to file their respective appellate briefs pursuant to HRAP Rule 28.

DATED: Honolulu, Hawai'i, October 20, 2010.

Presiding Judge

Associate Judge

Associate Judge

-4-